Filed 6/5/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B247919 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA026902) |
| v. | |
| SCHACOBIE HERMAN MANNING, | |
| Defendant and Appellant. | |
| SCHACOBIE HERMAN MANNING, | B249749 |
| Petitioner, | |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| THE PEOPLE, | |
| Real Party in Interest. | |

APPEAL from a post-judgment ruling of the Superior Court of Los Angeles County, William C. Ryan, Judge. Reversed and remanded.

PETITION for writ of mandate denied as moot.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Appellant and defendant, Schacobie Herman Manning, appeals the denial of his post-judgment petition seeking recall of his sentence and resentencing under the Three Strikes Reform Act of 2012. Manning has also filed a petition for a writ of mandate seeking the same relief.

Reversed and remanded. The trial court's post-judgment ruling is vacated and the matter is remanded for further proceedings. Manning's petition for writ of mandate is denied as moot.

## BACKGROUND

In 1996, Manning pled guilty in Los Angeles County Superior Court case number GA026902 to commercial burglary, possession of a forged instrument and possession of a forged driver's license, and admitted having suffered two prior serious felony convictions within the meaning of the Three Strikes law (Pen. Code, §§ 459, 475, 470, 667, subds. (b)-(i)).[1] Manning was sentenced to state prison for a term of 25 years to life. We affirmed his conviction and sentence in *People v. Manning* (Dec. 22, 2004, B167422) [nonpub.].

On November 21, 2012, following the enactment of Proposition 36, Manning filed a petition pursuant to section 1170.126 asking the trial court to recall his 25-years-to-life Three Strikes sentence and resentence him as a second striker. On January 28, 2013, the trial court denied Manning's request on the ground he had sustained a prior conviction which rendered him ineligible for resentencing under section 1170.126.

---

[1]     All further references are to the Penal Code unless otherwise specified.

Manning filed a notice of appeal.[2]

## CONTENTION

The trial court erred by denying Manning's petition for resentencing under section 1170.126.

## DISCUSSION

1. *Legal principles.*

As we explained in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279: "On November 6, 2012, voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act).  Under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) as it existed prior to Proposition 36, a defendant convicted of two prior serious or violent felonies would be subject to a sentence of 25 years to life upon conviction of a third felony.  Under the Act, however, a defendant convicted of two prior serious or violent felonies is subject to the 25-years-to-life sentence only if the third felony is *itself* a serious or violent felony.  If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second-strike, rather than a third-strike, offender.  The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction which was not a serious or violent felony may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction.  According to the specific language of the Act, however, a current inmate is not entitled to resentencing if it would pose an unreasonable risk of danger to public safety." (*Id.* at p. 1285, fn. omitted.)  "[T]here are two parts to the Act:  the first part is

---

[2]     Our Supreme Court has granted review in order to determine if the denial of a petition for resentencing under section 1170.126 is an appealable order when the trial court holds the defendant did not meet the threshold eligibility requirements for resentencing.  (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.)  The Attorney General does not contest the validity of Manning's appeal; in any event, Manning has filed an accompanying writ petition.

*prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony  (Pen. Code, § 1170.126)."  (*Id*. at p. 1292.)

Subdivision (e)(3) of section 1170.126 provides that an inmate who is otherwise qualified for resentencing is only eligible if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  Both section 667, subdivision (e)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv), list the following offenses:

"(I)  A 'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code.

"(II)  Oral copulation with a child who is under 14 years of age, and who is more than 10 years younger than he or she as defined by Section 288a, sodomy with another person who is under 14 years of age and more than 10 years younger than he or she as defined by Section 286, or sexual penetration with another person who is under 14 years of age, and who is more than 10 years younger than he or she, as defined by Section 289.

"(III)  A lewd or lascivious act involving a child under 14 years of age, in violation of Section 288.

"(IV)  Any homicide offense, including any attempted homicide offense, defined in Sections 187 to 191.5, inclusive.

"(V)  Solicitation to commit murder as defined in Section 653f.

"(VI)  Assault with a machine gun on a peace officer or firefighter, as defined in paragraph (3) of subdivision (d) of Section 245.

"(VII)  Possession of a weapon of mass destruction, as defined in paragraph (1) of subdivision (a) of Section 11418.

"(VIII)  Any serious and/or violent felony offense punishable in California by life imprisonment or death."

Welfare and Institutions Code section 6600, subdivision (b), defines "sexually violent offense" as any one of several enumerated offenses, including Penal Code section 261, "when committed by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ."

In *Kaulick*, our main concerns were the means by which a trial court should exercise its discretion regarding the question of dangerousness, including the People's right to notice and an opportunity to be heard on this question. We also pointed out that "an argument can be made that the prosecution also has the right to notice and a hearing on the issue of whether a prisoner is initially *eligible* for resentencing under the Act. Under the *prospective* part of the Act, a defendant whose third strike is not a serious or violent felony shall receive a second strike sentence 'unless the prosecution pleads and proves' any of the four exceptions. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) In contrast, under the *retrospective* part of the Act, after a defendant petitions for resentencing, 'the court shall determine' if any of the exceptions apply. (Pen.Code, § 1170.126, subd. (f).) One of the exceptions is if the defendant 'used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury' in the commission of the current offense. (Pen. Code, § 1170.12, subd. (c)(2)(C)(iii).) By its terms, the Act does not require a jury finding establishing this exception when a prisoner is seeking resentencing pursuant to the retrospective part of the Act; the court must simply 'determine' whether the exception applies. To the extent the court's determination may be based on anything other than the undisputed record of the prisoner's conviction, the prosecution could certainly argue that it has a right to present evidence and to be heard on the issue. As this issue is not presented by the instant writ petition, however, we express no opinion on it." (*People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th at pp. 1298-1299, fn. 21.)

As part of resolving the case at bar, however, we find it appropriate to address this issue.

2. *Discussion.*

The trial court's Memorandum of Decision denying Manning's recall petition states: "The Court has read and considered the petition for recall of sentence pursuant to Penal Code section 1170.126 filed by Defendant on November 21, 2012. [¶] Defendant has suffered a prior conviction under Pen. Code § 667(e)(2)(C)(iv), making Defendant ineligible for resentencing under Pen. Code § 1170.126. [¶] For the foregoing reason, the petition for recall of sentence is DENIED WITH PREJUDICE."

Manning acknowledges he has sustained two prior convictions for rape of an unconscious person under section 261, subdivision (a)(4), but he contends the trial court erred because these particular crimes "are neither enumerated excluding offenses nor violent sex offenses within the meaning of [section 1170.126]."

Manning rightly notes a violation of section 261, subdivision (a)(4), does not necessarily involve the elements of either an underage victim or force, violence, duress, etc. "Rape of an unconscious person . . . requires proof that: (1) the defendant had sexual intercourse with the victim; (2) the defendant was not married to the victim at the time; (3) the victim was unable to resist because she was unconscious of the nature of the act; and (4) the defendant knew the victim was unable to resist because she was unconscious of the nature of the act. [Citations.] There is no requirement that the defendant use force or violence to accomplish the act of sexual intercourse. . . . Thus, an unconscious person could be raped within the meaning of section 261, subdivision (a)(4) without having been subjected to force or violence, or even to a harmful or offensive touching. As a result, battery is not a lesser included offense of rape of an unconscious person." (*People v. Hernandez* (2011) 200 Cal.App.4th 1000, 1006.) Hence, the Attorney General properly concedes Manning "is correct that the elements of a conviction for rape of an unconscious person do not establish that the offense was committed with force, violence, duress . . . and that such a conviction does not, by itself, establish that an offense is a sexually violent felony within the meaning of Welfare and Institutions Code section 6600, subdivision (b). Similarly, the elements of the offense of

6

rape of an unconscious person do not require that the victim be 14 years of age or younger."

But the Attorney General then argues: "However, this did not preclude the trial court from determining that the record of appellant's prior convictions . . . showed that at least one of those offenses was committed in a manner rendering it a sexually violent felony within the meaning of Welfare and Institutions Code section 6600, subdivision (b), or that one of appellant's victims was 14 years of age or younger, and at least 10 years younger than appellant at the time of the prior offense."

Manning disagrees, arguing the trial court was absolutely barred from making such a determination: "Respondent appears to believe that if a defendant is convicted of a non-[dis]qualifying crime, the prosecution should be able to show that what he really did was some other crime, and on the basis of what he did, rather than what he was convicted of, the court should be able to bar him from recall. [¶] There is no support for such a position." Manning asserts: "[N]o case has ever held . . . that, where the conviction was for a crime that was not a 'strike,' the prosecution could nevertheless use the record of conviction to prove that the crime really was something else."

Manning is incorrect. As *People v. Guerrero* (1988) 44 Cal.3d 343, and its progeny demonstrate, California courts have routinely determined that prior convictions constitute serious or violent felonies by looking to "*the substance of a prior conviction, i.e., the nature and circumstances of the underlying conduct.*" (*People v. Martinez* (2000) 22 Cal.4th 106, 117, italics added; see also *People v. Gomez* (1994) 24 Cal.App.4th 22, 31 [what matters is "the conduct of the defendant, not the specific criminal conviction"].)[3]

---

[3]     As it pertains to the implementation of the Three Strikes law, or other sentence-enhancing provisions, this approach may no longer be tenable. (See *People v. Wilson* (2013) 219 Cal.App.4th 500, 515, fn. omitted ["[I]n *Descamps* [*v. United States* (2013) 133 S.Ct. 2276], a majority of the United States Supreme Court held that a sentencing court's finding of priors based on the record of conviction implicates the Sixth Amendment under *Apprendi* [*v. New Jersey* (2000) 530 U.S. 466]."].) But that outcome would have no effect on the analysis here because, as an ameliorative provision,

7

*Guerrero* held a trial court "may look to the entire record of the conviction to determine the substance of [a] prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People v. Guerrero, supra,* 44 Cal.3d at p. 355.) "Such a rule is both fair and reasonable. To allow the trier of fact to look to the entire record of the conviction is certainly reasonable: it promotes the efficient administration of justice and, specifically, furthers the evident intent of the people in establishing an enhancement for 'burglary of a residence' – a term that refers to *conduct*, not a specific *crime*. To allow the trier to look to the record of the conviction – *but no further* – is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Ibid*.) Hence, "[w]here . . . the mere fact of conviction under a particular statute does not prove the offense was a serious felony, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. [Citations.] *This rule applies equally to California convictions and to those from foreign jurisdictions*. [Citations.]" (*People v. Miles* (2008) 43 Cal.4th 1074, 1082, italics added.)

---

section 1170.126 can only decrease a defendant's sentence. (See *People v. Glasper* (2003) 113 Cal.App.4th 1104, 1115 [*Apprendi* does not apply to determination whether, under section 1210.1, defendant must be granted probation as conviction was for non-violent drug possession offense, because statute can only reduce defendant's sentence, not *increase* it]; *People v. Solis* (2001) 90 Cal.App.4th 1002, 1021-1022 [same analysis regarding determination whether to stay sentence under section 654's prohibition of multiple punishment].) As we said *People v. Superior Court (Kaulick), supra,* 215 Cal.App.4th at pp. 1304-1305: "The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues."

In *People v. Trujillo* (2006) 40 Cal.4th 165, the question was whether inflicting corporal injury on a spouse in violation of section 273.5 constituted a prior serious felony conviction for Three Strikes purposes, despite the fact this crime can be committed even if the victim suffers only a relatively minor injury.[4]  While acknowledging section 273.5 is not one of the serious felonies specifically enumerated in section 1192.7, subdivision (c), the People argued it came within subdivision (c)(23) as "any felony in which the defendant personally uses a dangerous or deadly weapon."  The logic of the *Trujillo* opinion is that the only flaw in the People's reasoning was their reliance on a post-conviction probation report in which the defendant admitted stabbing the victim with a knife, because that information was outside the record of conviction.  Had similar information come from within the record of conviction, it would have established the section 273.5 offense as a prior serious felony for Three Strikes purposes because "section 1192.7, subdivision (c)(23), upon which the prosecution relied here, defines as a serious felony 'any felony in which the defendant personally used a dangerous or deadly weapon.'  *We have construed such provisions 'as referring not to specific criminal offenses, but to the criminal conduct described therein, and applicable whenever the prosecution pleads and proves that conduct*.'  [Citation.]"  (*People v. Trujillo, supra,* at p. 175, italics added.)

We would point out the same rationale applies to the case at bar because subdivision (b) of Section 6600 of the Welfare and Institutions Code explicitly defines a "sexually violent offense" as any of the enumerated crimes "*when committed by* force, violence, [etc.]"  (Italics added.)

In other cases, information available from the record of conviction was deemed sufficient to demonstrate the serious or violent nature of an otherwise non-qualifying

---

[4]     Section 273.5 is violated even if the resulting injury is only bruising (*People v. James* (2000) 81 Cal.App.4th 1343, 1347, 1363-1364 [defendant pinched victim's arm hard enough to leave a bruise]), or redness (*People v. Wilkins* (1993) 14 Cal.App.4th 761, 771 [probable cause for 273.5 violation shown where victim said defendant hit her in the face and that her neck and nose were sore, and responding officer "observed redness about her face and nose"]).

prior felony conviction.  (See, e.g., *People v. Carter* (2005) 36 Cal.4th 1114, 1142-1145 [Oregon and Alaska burglary convictions, which only required proof of entry to commit any crime, were proved to be serious felonies because records of conviction established defendant entered with intent to commit larceny or theft as required by California's burglary statute]; *People v. Reed* (1996) 13 Cal.4th 217, 220-221 [preliminary hearing transcript established defendant's prior California aggravated assault conviction was serious felony because it showed he personally used dangerous or deadly weapon]; *People v. Johnson* (1991) 233 Cal.App.3d 1541, 1544-1550 [defendant's prior Nevada conviction for "attempted sexual assault" shown to be serious felony because indictment charged conduct unequivocally constituting attempted forcible oral copulation under California law].)

The same reasoning has been applied to a request for resentencing under the new Three Strikes Reform Act.  In *People v. White* (2014) 223 Cal.App.4th 512, the trial court denied White's petition for resentencing under section 1170.126 because, although his current conviction for possession of a firearm by a felon (former § 12021) did not necessarily entail a finding he had been personally armed with a firearm, that fact was established by the record of conviction:  "Although the information did not allege that White was armed with a firearm when he committed that offense, and it contained no sentence enhancement allegation that he was armed with a firearm, the record shows the prosecution's case was based on evidence that White not only possessed the firearm, but also that he was armed with the firearm during his commission of the current offense." (*People v. White, supra,* at p. 525.)  "[T]he record shows the prosecution's case was not based on the theory that White was guilty of possession of a firearm by a felon because he had constructive possession of the firearm; it was based on the theory that he was guilty of that offense because he had actual physical possession of the firearm.  Although White was not explicitly charged with being armed during the commission of his current offense, and he was convicted only of being a felon in possession of a firearm in violation of section 12021(a), the foregoing record amply supports a finding under section 1170.126(e)(2) that his life sentence was imposed because he was in fact armed with a

10

firearm during his commission of his current section 12021(a) offense within the meaning of the armed-with-a-firearm exclusion." (*Id.* at pp. 525-526.)

In the case at bar, we know Manning's two prior section 261, subdivision (a)(4), convictions arose from separate incidents involving two different victims. The Attorney General asserts Manning "has failed to establish that the trial court did not determine, based on the record of his prior convictions . . . that at least one of those prior offenses constituted a sexually violent felony or involved a victim 14 years of age or younger, who was at least 10 years younger than appellant at the time of the prior offense, rendering him ineligible for resentencing under Penal Code section 1170.126." Manning disputes this assertion on the ground the trial court only referenced the petition for resentencing which, he argues, contained no information demonstrating these priors were disqualifying offenses.

On this record, however, we cannot be sure what materials the trial court considered before denying Manning's petition, or what the trial court's precise reason was for finding Manning ineligible for resentencing. Therefore, we will remand this matter for proceedings in accordance with the following directions: (1) Because Manning's petition for resentencing listed only non-disqualifying prior offenses, the District Attorney must be given an opportunity to demonstrate to the trial court that at least one of these prior offenses involved disqualifying conduct; (2) if the District Attorney purports to have done so, the defendant must be given an opportunity to demonstrate the District Attorney's analysis is incorrect and that the prior offenses are in fact not disqualifying; (3) when making its ultimate ruling on this question, the trial court must specify the records it relied on and its reasons for concluding defendant's prior offenses were or were not disqualifying.

## DISPOSITION

Reversed and remanded.  The trial court's post-judgment ruling is vacated and the matter is remanded for further proceedings in accordance with this opinion. The petition for writ of mandate is denied as moot because it sought the same relief as the appeal.

**CERTIFIED FOR PUBLICATION**


KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.


12