Filed 12/18/14  P. v. Niera CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B255565 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA067556) |
| v. | |
| DAVID J. NIERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Respondent.

———————————————

In 2009 we affirmed David J. Niera's conviction on one count of first degree residential burglary (*People v. Niera* (Dec. 29, 2009, B213812) [nonpub. opn.]), which included a state prison term of 30 years to life under the Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) In October 2013 Niera filed a habeas petition with the trial court seeking to recall his Three Strikes sentence under "Proposition 36." The trial court interpreted this as a petition to recall the sentence under Penal Code section 1170.126, which was enacted pursuant to Proposition 36, the Three Strikes Reform Act approved by the voters in November 2012. (*People v. Manning* (2014) 226 Cal.App.4th 1133, 1137.)

The trial court appointed counsel for Niera, who advised Niera that because his burglary conviction was a serious felony, he was ineligible for relief under Penal Code section 1170.126. The trial court denied the motion on that basis.

Niera filed a notice of appeal.[1] On August 5, 2014, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she had reviewed the record and had sent Niera a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to. That same day this court sent Niera a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. He did not file a supplemental brief.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

---

[1] We are aware that our Supreme Court has granted review of several decisions in order to determine whether orders denying section 1170.126 relief on a threshold finding of ineligibility are appealable. (*People v. Wortham*, review granted Jan. 15, 2014, S214844; *People v. Leggett*, review granted Dec. 18, 2013, S214264; *People v. Hurtado*, review granted July 31, 2013, S212017; *Teal v. Superior Court*, review granted July 31, 2013, S211708.) However, our Division Three colleagues' recent decision in *People v. Manning, supra,* 226 Cal.App.4th at page 1137, footnote 1, 1144, reversed and remanded a trial court order denying a petition under Penal Code section 1170.126 and that decision is now final.

**DISPOSITION**

The judgment is affirmed.

                                                    RUBIN, J.

WE CONCUR:


        BIGELOW, P. J.


        FLIER, J.

3