Filed 3/16/15  P. v. Burkett CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>EDWARD MICHAEL BURKETT,<br><br>　　　Defendant and Appellant. | A141774<br><br>(Sonoma County<br>　Super. Ct. No. SCR28250) |

　　　　This is an appeal from a trial court order denying the petition for resentencing filed by appellant Edward Michael Burkett pursuant to Penal Code section 1170.126.[1]  For reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

　　　　On October 13, 1999, appellant entered a plea of no contest to a violation of section 192, subdivision (c)(3), and thereby admitted having "unlawfully and without gross negligence caused the death of Zachary Balenger, a human being while driving a vehicle in violation of Vehicle Code section[s] 23152 and 23153 while [he was] under the influence of methamphetamine, and causing and did cause in the commission of an unlawful act, not amounting to a felony, a violation of Vehicle Code section 22350, which is speeding, and in that commission of unlawful act did produce death."  Appellant

---

[1]　　　Unless otherwise stated, all statutory citations herein are to the Penal Code.

also admitted having sustained two prior strike convictions (to wit, for assault with a deadly weapon and residential burglary).

On February 14, 2000, appellant was sentenced to state prison for a term of 25 years to life. We denied appellant's petition for writ of habeas corpus and affirmed his conviction and sentence in *People v. Burkett* and *In re Burkett* (June 28, 2002, A094430, A098541; nonpub. opn.)

On March 11, 2014, following enactment of Proposition 36, the Three Strikes Reform Act of 2012, appellant filed a petition for resentencing pursuant to section 1170.126, on the ground that his third strike offense, unlawful vehicular manslaughter in violation of section 192, subdivision (c)(3), was not a serious or violent felony, with the result that he may be eligible for a more lenient sentence.[2]

On April 9, 2014, the trial court summarily denied appellant's petition on the ground that his third strike offense was a serious or violent felony.[3] This timely appeal followed.

---

[2] "On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012, which amended sections 667 and 1170.12 and added section 1170.126 (hereafter the Act). The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

[3] Subdivision (e) of section 1170.126 provides: "An inmate is eligible for resentencing if: [¶] … [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

2

## DISCUSSION

Appellant raises three primary arguments on appeal – to wit, that the prosecution failed its burden to prove (1) that his vehicular manslaughter conviction involved the personal infliction of great bodily harm or (2) that the victim of his crime was not his accomplice, and (3) that the trial court's summary denial of his petition for resentencing denied him due process of law. Based upon these purported errors, appellant asks this court to remand his case to the trial court with the instruction that, unless the prosecution can prove beyond a reasonable doubt that his vehicular manslaughter conviction qualifies as a strike offense, it must reconsider (and more closely consider) his petition for resentencing.

The People dispute each of these arguments. For reasons discussed below, we agree with the People there are no grounds on this record for ordering remand on appellant's petition for resentencing.

## I. Appellant's Offense.

Appellant entered a plea of no contest to a violation of section 192, subdivision (c)(3), and thereby admitted having "unlawfully and without gross negligence cause[d] the death of [the victim] while driving a vehicle in violation of Vehicle Code section[s] 23152 and 23153 . . . while [he was] under the influence of methamphetamine, and causing and did cause in the commission of an unlawful act, not amounting to a felony, a violation of Vehicle Code section 22350, which is speeding, and in that commission of unlawful act [sic] did produce death."

Many years later, after enactment of Proposition 36, appellant petitioned for resentencing on the ground that his third strike offense is not a "serious or violent felony," such that he may be eligible for resentencing as if he had just one prior serious or violent felony conviction.[4] (§ 1170.126.) As both parties recognize, appellant's offense, unlawful vehicular manslaughter in violation of section 192, subdivision (c)(3), qualifies as a serious or violent felony under the Penal Code only if his "offenses involve the

---

[4] See footnote 2, *ante*.

3

personal infliction of great bodily injury on any person other than an accomplice . . . ." (§ 1192.8, subd. (a); see also § 1192.7, subd. (c)(8).) The parties further recognize that, if appellant's offense qualifies as a serious or violent felony under the Penal Code, he is, in turn, *disqualified* from resentencing pursuant to section 1170.126. (*People v. White* (2014) 223 Cal.App.4th 512, 517.)

In the underlying criminal proceedings, the People have the burden to prove beyond a reasonable doubt that a defendant's crime qualifies as a "serious felony." (*People v. Valenzuela* (2010) 191 Cal.App.4th 316, 320.) However, in ruling on a petition for resentencing, the trial court need not submit factual issues regarding whether the defendant qualifies for resentencing to a jury to be proven beyond a reasonable doubt. Rather, generally, the court may decide such issues itself based upon the record of the defendant's prior conviction under the preponderance-of-the-evidence standard. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1038.)

In this court, the general rules of appellate review instruct that " ' "we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' ([*People v. Ochoa supra,* [(1993)] 6 Cal.4th [1199,] 1206.)" (*People v. Valenzuela, supra*, 191 Cal.App.4th at p. 321.)[5]

Thus, the essential issue for purposes of this appeal is whether the trial court, acting as trier of fact, could have properly determined that appellant's commission of unlawful vehicular manslaughter while intoxicated was a serious or violent felony – to wit, that appellant, in committing this offense, personally inflicted great bodily injury on the victim, who was, in turn, someone besides his accomplice.

With this guidance in mind, we turn to appellant's specific contentions.

---

[5] In *People v. Valenzuela, supra*, 191 Cal.App.4th 316, the trial court's "serious felony" finding was made following a bench trial on enhancement allegations. Here, to the contrary, the court's "serious felony" finding was made in connection with appellant's petition for resentencing. Despite this procedural difference, we find no reason to stray from this standard rule of appellate review.

4

**II.    Appellant's Personal Infliction of Great Bodily Harm.**

We first consider appellant's claim that the People failed to establish that he personally inflicted injury on the victim.[6]  According to the People, appellant's claim disregards that, when he admitted proximate cause upon accepting the plea deal in this case, he impliedly admitted his personal infliction of harm.  Appellant, in turn, counters that an admission of proximate cause is not an admission of personal infliction of great bodily harm because "[p]roximate causation and personal infliction are two different elements.  To 'personally inflict' an injury is to directly cause an injury, not just to proximately cause it."

We conclude the People's argument must prevail because, even if appellant's argument is correct in the abstract, it runs counter to the actual facts of his case.  As the record reflects, appellant did not simply admit "proximate cause," he admitted that, while driving his vehicle over the posted speed limit and under the influence of methamphetamines, he directly struck and killed the victim, a bicyclist who, himself intoxicated, failed to stop at a stop sign.  Indeed, these same facts are set forth in this court's June 28, 2002 nonpublished decision affirming appellant's conviction.  (*People v. Burkett*, A094430/A098541.) As such, there is no dispute that appellant's offense involved personal infliction of harm:

" 'To "personally inflict" an injury is to directly cause an injury, not just to proximately cause it.' [Citation.] In construing the phrase 'personally inflicts great bodily injury' in the analogous context of section 12022.7, the California Supreme Court held it applies 'only to a person who himself inflicts the injury.' (*People v. Cole* (1982) 31 Cal.3d 568, 572 [183 Cal.Rptr. 350, 645 P.2d 1182].) Citing to a dictionary definition of 'personally,' the court in *Cole* further construed it to mean ' "done in person without the intervention of another; direct from one person to another." ' (*Ibid.*) The defendant need not be exclusively involved in inflicting the injury, but the defendant must 'do so directly rather than through an intermediary . . . .' (*People v. Modiri* (2006) 39 Cal.4th 481, 493 [46

---

[6]    Appellant concedes that the victim, who died from his injuries, suffered great bodily harm.

5

Cal.Rptr.3d 762, 139 P.3d 136].) This construction proscribes a much narrower range of conduct than the element of proximate causation, which only requires that death be a foreseeable ' " 'direct, natural and probable' " ' result of 'but for' causation. [Citation.]" (*People v. Wilson* (2013) 219 Cal.App.4th 500, 512. See also *People v. Valenzuela, supra*, 191 Cal.App.4th at p. 322 [a defendant personally inflicts harm where he " 'directly, personally, himself inflict[ed] the injur[ies]' to his victim[]"].)

Thus, having applied these legal principles to the facts at hand, we reject appellant's claim that, while he may have proximately caused the victim's injuries, he did not personally inflict them. Simply put, driving a vehicle, intoxicated and in excess of the posted speed limit, directly into a person riding a bicycle, whether done maliciously, recklessly or simply unlawfully, is a "direct [infliction of injury] from one person to another," ' and thus, is personal infliction of harm under California law. (*People v. Wilson, supra,* 219 Cal.App.4th at p. 512, citing *People v. Modiri, supra,* 39 Cal.4th at p. 493.) The fact that appellant was "not . . . exclusively involved in inflicting the injury," given the victim's own negligence in being intoxicated and failing to stop at the stop sign, does not change this result. Regardless of the victim's role, it remains undeniable that appellant was himself directly involved in causing his death.[7] (*Ibid*; see also *People v. Guzman* (2000) 77 Cal.App.4th 761, 763-764 [defendant personally inflicted injury when he made an unsafe turn in front of another vehicle while intoxicated, thereby causing a collision that injured his passenger; "the fact that the collision involved two vehicles does not absolve [him] of direct responsibility for [his passenger's] injuries"]; *People v. Corona* (1989) 213 Cal.App.3d 589, 594 [defendant could be punished with a great bodily injury enhancement based on his participation in a

---

[7]     Appellant told a police officer shortly after the accident that his dog's leash had become entangled "around the brake and gas pedal on his foot, causing the vehicle to accelerate. While he was trying to free the leash, [the victim] rode across in front of him," leading to their collision. Even if true, this fact does not take away from appellant's direct involvement in the impact that caused the victim's death.

group beating, even though the record was unclear as to which assailant inflicted which injuries].)[8]

As such, the trial court could properly find that appellant personally inflicted harm on the victim in this case.

## II.    Lack of Grounds for Finding the Victim an Accomplice.

Appellant next challenges the trial court's implied finding that the victim was not his "accomplice" for purposes of the "serious felony" definition under section 1192.8, subdivision (a).  Appellant reasons that while, "[o]bviously, the victim in this case did not intend to cause his own death," the victim nonetheless shared with appellant the "same intent, i.e., *the intent to drive in an unlawful manner*," as evidenced by the fact that "he rode his bicycle while intoxicated, and he ran a stop sign, thereby contributing to an accident which could have been avoided . . . ."  (Italics added.) We again find appellant's reasoning fatally flawed.

The term "accomplice" is well-established in California law.  "An accomplice is a person 'who is liable to prosecution for *the identical offense charged against the defendant on trial* in the cause in which the testimony of the accomplice is given.' (Pen. Code § 1111; [citation].)  In order to be an accomplice, the witness must be chargeable with the crime as a principal (Pen. Code § 31) and not merely as an accessory after the fact (Pen. Code §§ 32, 33). [Citation.]  An aider and abettor is chargeable as a principal, but his liability as such depends on whether he promotes, encourages, or assists the perpetrator and *shares* the perpetrator's criminal purpose.  [*People v. Balderas* (1985) 41

---

[8]    Appellant's authority is factually distinguishable.  (Cf. *People v. Wilson, supra,* 219 Cal.App.4th at pp. 509-510 [the record did not establish the defendant personally inflicted injury upon the victim when striking the victim with his vehicle given that the defendant had stated in the prior proceedings that his passenger grabbed the steering wheel prior to impact]; *People v. Valenzuela, supra*, 191 Cal.App.4th at pp. 321-323 [the court could not find the defendant "personally inflicted injury" when committing his third strike offense where the record revealed only that "[his] reckless driving proximately caused injury to another person," such that "[i]t could be that the victims were injured when another driver swerved to avoid defendant and that driver's vehicle collided with the victims"].)

Cal.3d 144, 193-194.]   It is not sufficient that he merely gives assistance with knowledge of the perpetrator's criminal purpose. (*Id*. at p. 194; [citation].)" (*People v. Sully* (1991) 53 Cal.3d 1195, 1227 [Italics added]; see also *People v. Abilez* (2007) 41 Cal.4th 472, 504.)

Here, as stated above, appellant entered a plea of no contest to a violation of section 192, subdivision (c)(3), involuntary vehicular manslaughter.  In doing so, he admitted "unlawfully . . . caus[ing] the death of [the victim] while driving a vehicle in violation of Vehicle Code section 23152 and 23153 . . . under the influence of methamphetamine, and causing and did cause in the commission of an unlawful act, not amounting to a felony, a violation of Vehicle Code section 22350, which is speeding, in that commission of unlawful act did produce death."  Vehicle Code section 23152, subdivision (e) in turn, makes it unlawful for a person who is under the influence of any drug to drive a vehicle, while Vehicle Code section 22353, subdivision (e) makes it unlawful for "a person, while under the influence of any drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

Based upon the clear language of these statutes, there is no conceivable basis for finding the victim in this case liable for the identical offense charged against appellant because, unlike appellant, the victim was riding a bicycle rather than driving a vehicle. Indeed, Vehicle Code section 670 defines "vehicle" as "a device by which any person or property may be propelled, moved, or drawn upon a highway, *excepting a device moved exclusively by human power* or used exclusively upon stationary rails or tracks." (Italics added.)  A bicycle – a device moved by human power – is thus expressly excluded from the definition of vehicle. (*Farnham v. City of L.A.* (1998) 68 Cal.App.4th 1097, 1101 ["A bicycle is not considered a vehicle. (Veh. Code, §§ 231, 670.)"].)  Accordingly, the trial court could properly conclude on the record before it that the victim was not an accomplice to appellant in his commission of *vehicular* manslaughter.

## IV.     Appellant's Due Process Rights.

Finally, appellant's remaining (and related) contention is that the trial court erred by summarily denying his petition for resentencing without soliciting additional briefing or holding a hearing.  According to appellant, the court's failure "to make a meaningful determination" with respect to the nature of his offense violated his rights to due process. We again disagree.

As explained by our appellate colleagues in *People v. Osuna, supra,* 225 Cal.App.4th at p. 1038 (*Osuna*), a trial court's consideration of a defendant's petition for resentencing does not require the same level of procedural protection as a defendant's criminal trial. Among other differences, "disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned." (*Ibid*. [footnote omitted].)  Rather, such factors may be determined by the trial court based upon a preponderance of the evidence.  (*Osuna, supra*, at p. 1040.)  In addition, and contrary to appellant's position on appeal, the trial court may make this determination based upon the record of the prior conviction and need not consider new evidence to the extent the evidence in this record is, by itself, sufficient.  (*Ibid*.)

The reason for applying a more relaxed standard is this: "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed. The trial court's determination [in *Osuna*] that defendant was armed with a firearm during the commission of his current offense did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled. [¶] Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment [right to have essential facts found by a jury beyond a reasonable doubt], a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. (Evid. Code, § 115; [citation].)" (*Osuna, supra*, 225 Cal.App.4th at p. 1040, citing *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 ["any fact that increases the penalty for a crime beyond the prescribed statutory maximum must

9

be submitted to a jury, and proved beyond a reasonable doubt"]. See also *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1304-1305.)

Applying these procedural rules to our case, we conclude the trial court's summary denial of appellant's petition must stand. As we have already discussed at length, the record of appellant's prior conviction, and in particular the express terms of his valid plea deal, clearly established his disqualification from resentencing as a second strike offender due to his commission of a serious felony. Moreover, this adequate record of appellant's conviction distinguishes our case from those cited by appellant. For example, in *People v. Manning* (2014) 226 Cal.App.4th 1133, appellant is correct that the reviewing court remanded the matter to the trial court for further proceedings in accordance with section 1170.126 after concluding the trial court failed to provide a valid basis for summarily denying the defendant's petition. In doing so, the reviewing court acknowledged that "California courts have routinely determined that prior convictions constitute serious or violent felonies by looking to '*the substance of a prior conviction, i.e., the nature and circumstances of the underlying conduct.*' (*People v. Martinez* (2000) 22 Cal.4th 106, 117 [91 Cal.Rptr.2d 687, 990 P.2d 563], italics added; see *People v. Gomez* (1994) 24 Cal.App.4th 22, 31 [29 Cal.Rptr.2d 94] [what matters is "the conduct of the defendant, not the specific criminal conviction"].)" (*People v. Manning, supra,* 226 Cal.App.4th at p. 1141.) Yet, in that case, the substance of the defendant's two prior convictions could not be gleaned from the record of the prior proceedings.[9] As such, the reviewing court remanded the matter to ensure the trial court had a proper basis for

_____

[9] In *People v. Manning, supra*, the defendant's current conviction was for commercial burglary, possession of a forged instrument and possession of a forged driver's license. (226 Cal.App.4th at p. 1137.) In pleading guilty to these offenses, he also admitted having sustained two prior felony convictions for rape of an unconscious person under section 261, subdivision (a)(4). (*Id*. at pp. 1137, 1140.) This offense constitutes a "sexually violent offense," a disqualifying factor for purposes of section 1170.126, only if it was "*committed by* force, violence, [etc.]" or involved an underage victim. (*People v. Manning, supra*, at pp. 1140, 1142.) However, the information available from the record of the defendant's current conviction was not sufficient to demonstrate the precise nature of his prior sex crimes, with the result that his eligibility for resentencing remained unclear. (*Id*. at pp. 1142-1143.)

denying the defendant's petition for resentencing. (*Id*. at pp. 1141-1143. Compare *People v. White* (2014) 223 Cal.App.4th 512, 525-526 [affirming the trial court's denial of a petition for resentencing where, although the defendant's current conviction for possession of a firearm by a felon did not necessarily entail a finding that he had been personally armed with a firearm, such fact was otherwise established by the record of his conviction].) For all the reasons set forth above, however, such lack of clarity does not exist in our case.

Accordingly, we stand by our conclusion that the trial court in this case committed no error in denying the petition for resentencing based upon the previously-established record of appellant's commission of a serious felony.

## DISPOSITION

The judgment is affirmed.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Siggins, J.