Filed 7/23/15  P. v. Lewis CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LORAN L. LEWIS,<br><br>     Defendant and Appellant. | E060430<br><br>(Super.Ct.Nos. FRE03786 &<br>  FSB903645)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Loran L. Lewis appeals after the trial court denied his petition for three strikes resentencing, pursuant to Penal Code section 1170.126. He contends that the trial court erred in denying his request because it mistakenly believed defendant was ineligible based on his conviction of two counts of second degree murder in his original trial in 2001. Defendant points out that the two murder convictions were later reversed on appeal, leaving only non-serious and non-violent felony convictions to support his three strikes sentence in that case. The People respond that, although defendant is technically eligible for discretionary resentencing, the ruling should be affirmed because there is no realistic probability that the trial court would have exercised its discretion to reduce defendant's three strikes sentence. Defendant urges that the statute and considerations of due process require the trial court to exercise its discretion on the issue in the first instance. We agree with the defendant, and we reverse and remand for the trial court to exercise its discretion on the issue whether reduction of defendant's sentence poses an unreasonable risk of danger to public safety.

FACTS AND PROCEDURAL HISTORY[1]

In 1999, defendant and a companion, Tyrone Murphy, stole a van from a parking lot, and later abandoned it; the two men then stole a sport utility vehicle (SUV) from the

---

[1] The People have asked this court to take judicial notice of the appellate record of the trial underlying the convictions as to which defendant sought resentencing. The material is helpful to an understanding of the factual background and procedural history of the case, as well as the substantive issues to be decided in this appeal. We grant the request to take judicial notice of the appellate record in *People v. Lewis* (May 19, 2006, E031035 [nonpub. opn.]).

driveway in front of an occupied residence in Redlands. Redlands police officers Kelvin Bryant and Steve Crane were in their patrol car when they received a dispatch notification about the stolen SUV. They spotted the SUV and began to follow it. Defendant, who was driving the SUV, drove erratically, running through stop signs, and swerving into oncoming traffic lanes to get around other vehicles. The officers turned on their lights and siren, and pursued the SUV.

Defendant failed to yield to the pursuing police car, and soon drove onto the freeway. Once on the freeway, defendant crossed several lanes of traffic without signaling. The officers positioned their patrol car behind defendant; he responded by swerving abruptly to an off ramp, narrowly missing a large truck and almost causing the officers to crash into a barrier wall. The off ramp led to a transition road that intersected Alabama Street; defendant drove the SUV through the Alabama Street intersection at approximately 78 miles per hour against a red light. Defendant collided with another vehicle, a small passenger sedan. The force of the impact propelled the sedan sideways causing it to glance off a guardrail and spin for a distance of 149 feet before coming to rest. The occupants of the sedan, Michael and Joan Grizzell, were killed instantly. The force of the impact was so great that Michael Grizzell suffered fractures of the skull, jaw, ribs and spine. His internal organs were torn from their places, and his heart and abdomen were torn. Joan Grizzell suffered fractures of several bones, including her pelvis. Her heart was torn and her spine was severed.

After the collision, defendant and Murphy fled on foot from the crashed SUV. Both men were apprehended a short distance away.

As a result of these incidents, defendant and Murphy were charged in 2001 with two counts of murder (Pen. Code, § 187, subd. (a)), one count of driving with willful and wanton disregard for the safety of persons and property to evade a police officer (Veh. Code, § 2800.2, subd. (a)), and two counts of unlawful taking and driving a vehicle (Veh. Code, § 10851, subd. (a)). Defendant was also alleged to have suffered two prior strike convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The case was initially tried on a felony-murder theory. In 2001, a jury convicted defendant and his codefendant Murphy of all counts. The court found the strike allegations true. The court sentenced defendant to 140 years to life: 45 years to life for each of the murder counts (15 years to life, tripled as a third strike), and 25 years to life (third strike sentences) for each of the taking and driving counts. The court stayed the sentence on the count of evading a police officer.

In March 2003, this court affirmed the judgment in its entirety. (*People v. Lewis, supra,* E031035.) We issued our remittitur on June 16, 2003.

In January 2005, the California Supreme Court held in *People v. Howard* (2005) 34 Cal.4th 1129, that a violation of Vehicle Code section 2800.2, subdivision (a), is not a proper basis for a felony-murder conviction, because that offense is not inherently dangerous to human life. The holding in *Howard* affected defendant's case, because the murder convictions had been based on a felony-murder theory, predicated on violation of

4

Vehicle Code section 2800.2, subdivision (a). In April 2005, this court recalled the remittitur in defendant's case. On rehearing, we issued a decision in *People v. Lewis* (2006) 139 Cal.App.4th 874, affirming the convictions as to the count of evading an officer, and the two counts of unlawful taking and driving of a vehicle, but reversing the convictions as to the two murder counts. Although the two murder counts had been reversed, defendant still remained subject to a three strikes sentence of 25 years to life on the remaining felony convictions.

In September 2006, the prosecutor filed a second amended information, realleging the two murder counts. Three years later, in September 2009, the People moved to dismiss the two murder counts. In December 2009, the People filed an information under a new case number, alleging the same two counts of murder that had been previously dismissed. In April 2010, the information in the new case was amended to add two counts of voluntary manslaughter. (Pen. Code, § 192, subd. (a).) On the same date, defendant entered into a plea agreement to plead guilty to two counts of voluntary manslaughter, with an agreed sentence of three years, concurrent, on each count. The murder counts would be dismissed, and the strike allegations would also be dismissed. The concurrent sentences on the voluntary manslaughter counts would be run consecutively to the three strikes sentences in the earlier case arising from the same facts, i.e., 25 years to life, stayed, as to the conviction for evading the police, 25 years to life on one count of unlawfully taking and driving a vehicle, and a consecutive term of 25 years

5

to life on the second count of unlawfully taking and driving a vehicle. Defendant's total term for both cases was 53 years to life.

In 2012, the "Three Strikes" law was amended, to provide in part that persons sentenced as third strikers for offenses that were not themselves serious or violent felonies could petition for resentencing as second strikers. Defendant filed such a petition, pursuant to Penal Code section 1170.126, in November 2012. The trial court denied defendant's petition on November 27, 2012, finding that defendant was ineligible because of the two counts of murder; the court was evidently not aware that the murder convictions had been reversed on appeal.

Defendant filed a notice of appeal, in propria persona on February 13, 2013. By order pursuant to a writ petition, this court granted defendant's request for constructive filing of the notice of appeal, and deemed the notice of appeal timely.

The crux of defendant's resentencing petition is that, after the two murder counts were reversed and dismissed, the only remaining counts in his original case were non-serious, non-violent felonies (evading a police officer, unlawfully taking and driving a motor vehicle). Defendant maintains that he is eligible under Penal Code section 1170.126 for resentencing on those offenses as if he were a second striker, rather than a third striker. We turn now to the merits of the claim.

6

ANALYSIS

I. <u>The Trial Court Denied Defendant's Petition for Resentencing</u>

<u>for an Erroneous Reason</u>

Under Proposition 36, the Three Strikes Reform Act of 2012 (the Act), a defendant convicted of two prior serious or violent felonies is subject to the 25-year-to-life sentence only if the third felony is itself a serious or violent felony. If the third felony is not a serious or violent felony, the defendant will receive a sentence as though the defendant had only one prior serious or violent felony conviction, and is therefore a second strike, rather than a third strike, offender. The Act also provides a means whereby prisoners currently serving sentences of 25 years to life for a third felony conviction, which was not a serious or violent felony, may seek court review of their indeterminate sentences and, under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction. According to the specific language of the Act, however, a current inmate is not entitled to resentencing if the reduced sentence would pose an unreasonable risk of danger to public safety. (*People v. Manning* (2014) 226 Cal.App.4th 1133, 1137-1138.)

Defendant urges that he technically qualifies for resentencing on the three counts remaining from his original trial, because the murder counts in that case were reversed and dismissed. The remaining third strike felony convictions were not for serious or violent felonies. (Pen. Code, § 1170.126, subd. (a).) The court below denied his petition for resentencing for an admittedly erroneous reason: the court mistakenly relied on the

7

two murder convictions to find defendant ineligible for resentencing, not realizing that those two convictions had been reversed on appeal and later dismissed. The question is whether defendant is nevertheless ineligible based on criteria set forth in Penal Code section 1170.126.

Penal Code section 1170.126, subdivision (e), provides that certain three strikes inmates are excluded from eligibility for resentencing. "(e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (Pen. Code, § 1170.126, subd. (e).)

The key point is whether defendant is eligible for resentencing under subparagraph (3) of Penal Code section 1170.126, subdivision (e). Does defendant

8

have "prior convictions"**2** for offenses listed in Penal Code section 667,

subdivision (e)(2)(C)(iv), and Penal Code section 1170.12, subdivision (c)(2)(C)(iv)?

The answer is "no." That is, although defendant has been convicted of two homicide

offenses—voluntary manslaughter (Pen. Code, § 192, subd. (a))—arising from the same

events as his non-violent and non-serious felony third strike convictions, those homicide

convictions do not fall within the scope of Penal Code sections 667,

subdivision (e)(2)(C)(iv)(IV) and 1170.12, subdivision (c)(2)(C)(iv)(IV). Both of those

provisions make ineligible prisoners convicted of "Any homicide offense, including any

attempted homicide offense, defined in Sections 187 to 191.5, inclusive." Defendant's

homicide convictions were for voluntary manslaughter under Penal Code section 192,

which lies outside the range of disqualifying homicide offenses. Defendant was therefore

technically eligible for (not automatically disqualified from) resentencing.

  II. <u>Because Defendant Is Technically Eligible for Resentencing, Remand Is Required</u>

Because the manslaughter convictions did not render defendant ineligible for

resentencing, we now turn to the question whether to remand for the trial court's

reconsideration of the petition.

---

**2** To the extent defendant argues that he does not have a "prior" conviction for a disqualifying offense, because he did not plead guilty to the voluntary manslaughter counts until after he was convicted of the non-serious, non-violent felonies, we reject the contention. We construe a "prior" conviction, in this context, to mean that the conviction is of record before the time the court decides the inmate's petition for recall of sentence. Defendant here suffered his voluntary manslaughter convictions in 2010, well before his petition in November 2012, and they arise from the identical facts as his former murder convictions, which were entered at the same time as his other felony offenses.

9

Penal Code section 1170.126, subdivision (f), provides that the court need not reduce a defendant's sentence if, in the exercise of its discretion, the court finds that doing so would pose an unreasonable risk to public safety. Penal Code section 1170.126, subdivision (g), lays out the criteria to be considered by the court: "(g) In exercising its discretion in subdivision (f), the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

Because of its erroneous decision on the threshold issue of defendant's eligibility to request resentencing, the trial court never considered the second step of analysis under the statute: whether a reduction of defendant's sentence would pose an unreasonable risk of danger to public safety. The People urge this court to make the determination based on the record before us, but this we cannot do.

With respect to the components of due process applicable to three strikes resentencing proceedings, we note that Penal Code section 1170.126 provides for a two-step analysis. First, there is an initial screening to determine whether a prisoner has made a prima facie showing of eligibility for resentencing. If, and only if, a petition makes such a prima facie case, the matter proceeds to a second determination: the sentencing

10

court, in the exercise of its discretion, may deny resentencing if a reduction in the prisoner's sentence poses an unreasonable risk to public safety.

A petitioning defendant is not entitled to an evidentiary hearing on the initial screening phase. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6 ["The statute accords [a defendant] the right to a resentencing hearing only upon a showing that he is eligible. It is not a right to a hearing on the issue of eligibility, followed by the hearing on whether he would present a risk of danger to the public if resentenced" (italics omitted)]; see *People v. Kaulick* (2013) 215 Cal.App.4th 1279, 1298-1299, fns. 21 and 23 [suggesting that, if only the undisputed record of conviction is considered on the question of eligibility, a defendant does not have a right to a hearing on the issue]; see also *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337 [an evidentiary hearing is not contemplated by the statute at the initial eligibility stage].) Analogously, it has been held that the Sixth Amendment right to appointment of counsel does not apply to the initial eligibility screening. (See *People v. Denize* (2015) 236 Cal.App.4th 966, 971 [a defendant is entitled to the assistance of counsel at a sentencing hearing, but the initial screening of a Pen. Code section 1170.126 petition to determine eligibility for resentencing is not a sentencing hearing].)

"[N]o particular statutory procedure describes how the trial court is to go about making the eligibility determination," however. "Consequently, it is necessary for the courts to determine what evidence should be considered and whether to impose additional procedural protections to protect the due process rights of the parties to be heard."

11

(*People v. Bradford*, *supra*, 227 Cal.App.4th 1322, 1337, citing *People v. Kaulick*, *supra*, 215 Cal.App.4th 1279, 1299, fn. 21 [suggesting in dictum that the People may have the right to present evidence if a court's determination is based on anything other than the undisputed record of conviction].)  The *Oehmigen* court repeated the holding in *Bradford* on the limited due process protections attaching to the eligibility determination:  "The petitioner has a right to provide 'input' in the form of briefing 'if the petitioner has not addressed the issue [of eligibility in the petition] and the matter of eligibility concerns facts that were not actually adjudicated at the time of the petitioner's original conviction (as here)'; the People also have the right to submit a brief in response if the trial court sets a hearing on dangerousness (indicating that it made a preliminary determination of eligibility) in order to highlight facts in the record they assert establish ineligibility." (*People v. Oehmigen*, *supra*, 232 Cal.App.4th 1, 7-8.)

Once a prima facie case for eligibility has been shown, the discretionary determination—whether a prisoner is to be resentenced, or whether the reduction in sentence would pose an unreasonable risk of danger to public safety—does require an evidentiary hearing.  (See *People v. Kaulick*, *supra*, 215 Cal.App.4th 1279, 1297-1298 & fn. 20 [finding the People have a due process right to notice and opportunity to be heard on the issue of danger to the public at such a hearing].)

Because the trial court here denied defendant's petition at the eligibility stage, and for an improper reason, it never provided the required hearing or addressed the issue of defendant's dangerousness to the public.  Accordingly, remand is required for the trial

court to hold the mandated hearing, and to exercise its discretion with respect to the dangerousness issue.  We express no opinion as to the result of any such hearing.

## DISPOSITION

For the reasons stated, the order denying defendant's petition for resentencing under Penal Code section 1170.126 is reversed and remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.