Filed 9/10/15  P. v. Robinson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B260635 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA019803) |
| v. | |
| GARLON GRADY ROBINSON, | |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed in part, reversed in part with directions.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

In April 2000, a jury convicted defendant, Garlon Grady Robinson, of: two counts of corporal injury to a spouse (Pen. Code, § 273.5, subd. (a))[1]; deadly weapon assault, to wit, steel toe boots (former § 245, subd. (a)(1), Stats. 1999, ch. 129, § 1); and assault by means of force likely to produce great bodily injury (*ibid.*). Defendant was found to have sustained two prior convictions within the meaning of sections 667, subdivisions (b) through (i) and 1170.12. Defendant was sentenced to consecutive 25-years-to-life terms on the two aggravated assault counts. We affirmed defendant's conviction on appeal. (*People v. Robinson* (Apr. 19, 2001, B142456) [nonpub. opn.].)

The present appeal is from the denial of defendant's section 1170.126 resentencing petition. The trial court found defendant was ineligible for resentencing because, "One of [d]efendant's current convictions is for assault with a deadly weapon, to wit, steel toe boots . . . , which makes the underlying felony conviction a serious felony pursuant to . . . section 1192.7[, subdivision] (c)(23), making [d]efendant ineligible for resentencing pursuant to . . . section 1170.126[, subdivision] (e)(2)." This was the sole ground upon which the trial court denied defendant's sentence recall petition. Deadly weapon assault is a serious felony under section 1192.7, subdivision (c)(31). Further, any felony in which the defendant personally used a dangerous or deadly weapon also is a serious felony under section 1192.7, subdivision (c)(23). Here, in the course of assaulting his wife, defendant kicked her with a steel-toe boot. (*People v. Robinson, supra,* typed opn. at pp. 3-6.)

We agree that defendant is ineligible for resentencing on his deadly weapon assault conviction. But in *People v. Johnson* (2015) 61 Cal.4th 674, 679 our Supreme Court held, "[T]he presence of a conviction of a serious or violent felony does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent." Thus, defendant's deadly weapon assault conviction does not prevent resentencing on the remaining assault by means of force likely to produce great

---

[1]     Further statutory references are to the Penal Code.

bodily injury count.  The sole ground relied upon by the trial court was that defendant's deadly weapon assault injury conviction barred any resentencing on the other count.  The sole ground litigated on appeal is that the deadly weapon assault conviction bars recall of defendant's sentence.

Thus, based on the trial court's *express* ruling and the *sole* grounds raised on appeal, the order denying defendant's sentence recall petition is reversed in part.  No doubt, there are other issues that remain for resolution once the remittitur issues.  The trial court never determined whether record of defendant's conviction demonstrated the assault by means of force likely to inflict conviction was a serious felony.  (See *People v. Manning* (2014) 226 Cal.App.4th 1133, 1141; *People v. White* (2014) 223 Cal.App.4th 512, 527.)  And there may be other issues that warrant further litigation.  And even if the defendant is eligible for resentencing on the assault by means of force likely to produce great bodily injury count, it may be he is unsuitable.  (See *People v. Johnson, supra,* 61 Cal.4th at p. 682; § 1170.126, subd. (f).)  We leave these other matters once the remittitur issues in the trial court's good hands.  That part of the trial court's ruling finding defendant is ineligible for resentencing is affirmed.

The order denying the sentence recall petition of defendant, Garlon Grady Robinson, is reversed as to his conviction of assault by means of force likely to produce great bodily injury. Upon remittitur issuance, the trial court is to proceed to resolve other issues. The order denying his sentence recall petition on the deadly weapon assault conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


MOSK, J.


KIRSCHNER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.