Filed 3/23/16  P. v. Aguayo CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN AGUAYO,<br><br>    Defendant and Appellant. | A144051<br><br>(Solano County<br>Super. Ct. No. VCR219459) |

Defendant John Aguayo appeals from the trial court's denial of his petition to recall his sentence pursuant to Penal Code section 1170.18,[1] a recently enacted provision of Proposition 47, and to reduce his prior conviction for unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) from a felony to a misdemeanor.  Because Aguayo has not met his burden to show that he is eligible for resentencing under Proposition 47, we affirm the denial of his petition without prejudice.

## I.  BACKGROUND

A complaint filed on December 3, 2013 charged Aguayo with (1) felony evading of a peace officer with willful disregard (Veh. Code, § 2800.2, subd. (a)); (2) felony driving in a direction opposite to traffic while evading an officer (Veh. Code, § 2800.4); (3) felony unlawful driving or taking of a 1995 Acura Integra (Veh. Code, § 10851, subd. (a)), (4) felony receiving of the 1995 Acura Integra, knowing it was stolen (§ 496d, subd. (a)), and (5) possession of burglary tools (a misdemeanor) (§ 466).

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On December 12, 2013, as part of a negotiated resolution of the case, Aguayo entered a plea of no contest to the charge of felony unlawful driving or taking of a vehicle, and the court dismissed the remaining counts on the prosecution's motion. The court suspended imposition of sentence, placed Aguayo on three years' formal probation, and ordered him to serve 120 days in jail. On three subsequent occasions, Aguayo admitted to violating the terms of his probation; in each instance, the court reinstated probation.

On December 10, 2014, while still on probation, Aguayo filed a petition pursuant to section 1170.18 (the resentencing provision of Proposition 47), asking the court to recall his felony sentence and to resentence him to a misdemeanor. In his petition, Aguayo argued that (1) the unlawful driving or taking of a vehicle under Vehicle Code section 10851, subdivision (a) is a theft offense, and (2) pursuant to section 490.2 (added by Proposition 47), the theft of a vehicle valued at less than $950 is a misdemeanor. The petition stated there was no evidence in the record that the value of the vehicle in the present case was more than $950. The petition also stated that "the condition of the vehicle according to the reports appears to be poor as the vehicle is older and had faded paint on the hood and roof."

At the hearing on Aguayo's petition, the deputy district attorney argued Aguayo was not eligible for resentencing because Vehicle Code section 10851 is not "one of the enumerated offenses" eligible for resentencing under Proposition 47. The deputy district attorney also argued Aguayo, the moving party, had not met his burden to show he was eligible for resentencing.

Aguayo's counsel responded by arguing that, under section 490.2, the theft of a vehicle valued at $950 or less is a misdemeanor. Aguayo's counsel suggested a defendant seeking resentencing under Proposition 47 should not bear the burden to prove the value of the vehicle involved. As to the value of the 1995 Acura Integra involved in the present case, counsel for Aguayo stated that, based on the year, make and model of the car, and after reviewing Kelley Blue Book, "the information that we have is that it would be less than $950." Counsel added: "We have not been provided any information

2

from the district attorney that would state contrary to this." Aguayo's counsel did not offer to present evidence as to the value of the vehicle.

After hearing the parties' arguments, the trial court denied Aguayo's resentencing petition without prejudice. The court concluded Aguayo was not entitled to relief because Vehicle Code section 10851 is not one of the listed offenses that qualify for resentencing under Proposition 47. The court also denied the petition based on the value of the vehicle at issue. The court stated: "I think that the moving party [i.e., Aguayo] bears the burden of establishing that the value [of the vehicle] falls below $950. And in this motion, I have nothing to establish that." Aguayo appealed.[2]

## II. DISCUSSION

On appeal, Aguayo argues that, at least in some circumstances, a person convicted under Vehicle Code section 10851, subdivision (a) is eligible for relief under Proposition 47, even though that offense is not listed as one of the crimes to which Proposition 47 applies. He also argues that denying relief to a person convicted under Vehicle Code section 10851, subdivision (a) violates equal protection principles because relief is available to similarly situated persons who are convicted of vehicle theft under other statutes. As we explain, even if Aguayo's statutory and constitutional arguments were meritorious, he nonetheless would be ineligible for relief under Proposition 47 because he failed to establish that the value of the vehicle involved in his offense was $950 or less.[3]

---

[2] Aguayo sought to augment the appellate record with an arrest report that he argued was relevant to the question of the value of the vehicle. The Attorney General opposed the motion on the ground that the arrest report was not before the trial court when it ruled on Aguayo's resentencing petition, and this court denied Aguayo's motion.

[3] Because we conclude there was no evidence that the vehicle had a value of $950 or less, we need not, and do not, reach the merits of Aguayo's statutory and constitutional arguments. We note our Supreme Court has granted review in cases that involve the question whether a defendant convicted under Vehicle Code section 10851 may be eligible for relief under section 1170.18. (See *People v. Page*, review granted Jan. 27, 2016, S230793; see also *People v. Haywood*, review granted Mar. 9, 2016, S232250; *People v. Ortiz*, review granted Mar. 16, 2016, S232344.)

In November 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug and theft offenses to misdemeanors unless the offenses were committed by otherwise ineligible defendants. (*Id.* at p. 1091.) Among other things, Proposition 47 added section 490.2, which provides in part that, "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," unless the offense was committed by a defendant who is required to register as a sex offender (§ 290) or has previously been convicted of one or more serious or violent felonies listed in section 667, subdivision (e)(2)(C)(iv). (§ 490.2, subd. (a).) Proposition 47 did not amend Vehicle Code section 10851, subdivision (a), which makes it a crime to drive or take a vehicle without the consent of the owner and with the intent either to permanently or temporarily deprive the owner of title to or possession of the vehicle.[4]

Proposition 47 also added a new resentencing provision, section 1170.18, which permits "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47 [to] petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) "Section 1170.18 also provides that persons who have completed felony sentences for offenses that would now

_____

[4] Vehicle Code section 10851, subdivision (a) provides: "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense and, upon conviction thereof, shall be punished by imprisonment in a county jail for not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment."

be misdemeanors under Proposition 47 may file an application with the trial court to have their felony convictions 'designated as misdemeanors.' " (*Id.* at p. 1093.)

In the present case, Aguayo petitioned under section 1170.18 to have his felony conviction reduced to a misdemeanor. His claim rests on the premise that, at least in some circumstances, a person convicted under Vehicle Code section 10851, subdivision (a) should receive the benefit of Proposition 47 even though the initiative measure did not amend that statute or list it among the statutes to which it applies. Even if his claim had merit, he would still need to establish that the value of the vehicle was $950 or less in order to be entitled to relief under Proposition 47. (See §§ 490.2, subd. (a), 1170.18, subd. (a); *People v. Sherow* (2015) 239 Cal.App.4th 875, 878–879 (*Sherow*).) As the trial court noted, and as Aguayo acknowledges, neither the record of conviction nor Aguayo's resentencing petition establishes the value of the 1995 Acura Integra involved in Aguayo's offense.

Aguayo contends it is not his burden to prove that the value of the vehicle was $950 or less. He argues that, since the prosecution bears the burden to prove a defendant's guilt of an alleged crime, the prosecution has the burden in the Proposition 47 resentencing context to establish that the property had a value in excess of $950.

Courts have rejected Aguayo's position and have held a petitioner moving for relief under section 1170.18 has the burden to establish his eligibility for resentencing, including, in the case of a theft offense, the burden to prove the value of the property did not exceed $950. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137; *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449–450; *Sherow, supra,* 239 Cal.App.4th at pp. 878–880.) In *Sherow,* the court explained that it is important to bear in mind that a person seeking relief under section 1170.18 "was validly convicted under the law applicable at the time of the trial of the felony offenses." (*Sherow, supra,* 239 Cal.App.4th at p. 878.) Accordingly, arguments directed to principles relating to proof of guilt at the time of the initial prosecution are misplaced. (*Id.* at p. 880.) "[T]he resentencing provisions of Proposition 47 deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid.*) According to the

5

court in *Sherow,* "[i]t is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Id.* at p. 878.) This conclusion is a natural corollary of the principle that " ' "[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." ' " (*Id.* at p. 879; see Evid. Code, § 500.)

We agree with the analysis in *Sherow*, and we hold Aguayo had the "initial burden of proof" to "establish the facts[] upon which his or her eligibility is based," including showing the value of the vehicle did not exceed $950. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879–880.) Here, Aguayo's counsel's assertions in the petition and at the hearing about the vehicle's likely value, without any evidence supporting them, are insufficient to establish the vehicle's value. Instead, a proper resentencing petition "could certainly contain at least [Aguayo's] testimony about the nature of the items taken." (*Id.* at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid.*)

Aguayo contends that, because the record of conviction is silent as to the vehicle's value, the trial court should have presumed he was eligible for resentencing. Aguayo cites *People v. Guerrero* (1988) 44 Cal.3d 343, 352 (*Guerrero*), in which our Supreme Court stated that, when a court reviews the record of a prior conviction to determine whether that conviction was of a type that would enhance the defendant's current sentence, and the record of the prior conviction "does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable . . . ." But in the context discussed by the *Guerrero* court (i.e., where the prosecution seeks to enhance a current sentence based on the facts of a prior case), the prosecution has the burden to establish any enhancements apply. (See *People v. Towers* (2007) 150 Cal.App.4th 1273, 1277 ["The prosecution bears the burden of proving beyond a reasonable doubt that a defendant's prior convictions were for either serious or violent felonies"].) As a result, any failure of evidence prevents the prosecution from meeting its burden to show the nature of the prior offense triggers an

6

enhancement. In contrast, for the reasons discussed above, we conclude a petitioner seeking resentencing under Proposition 47 has the initial burden to show facts establishing eligibility, including, in the case of a theft offense, the value of the property at issue. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879–880.) In that context, the absence of record evidence cuts against the petitioner.

Aguayo argues that decisions addressing the resentencing procedure under the Three Strikes Reform Act of 2012 (Proposition 36) provide support for placing the burden of proof on the prosecution in determining eligibility under Proposition 47. Under section 1170.126, the resentencing provision of Proposition 36, a prisoner serving a third strike sentence (an indeterminate life term) for a felony that is not statutorily defined as serious and/or violent may petition to be resentenced and to receive a second strike sentence of twice the term otherwise authorized for the current felony. (§ 1170.126, subds. (b), (e)(1), (f); see §§ 667, subd. (e)(1), 1170.12, subd. (c)(1); *People v. Johnson* (2015) 61 Cal.4th 674, 679–680 (*Johnson*).) An inmate is disqualified from resentencing if exceptions based on his or her current offense or prior offenses are present. (§ 1170.126, subd. (e)(2)–(3); see §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C); *Johnson, supra,* 61 Cal.4th at pp. 681–682.)

As Aguayo notes, appellate courts have concluded that, when a trial court must determine whether an inmate is ineligible for resentencing under Proposition 36 because an exception based on his or her current or former offenses applies, the court must make that determination based on the record of conviction. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337–1340; see *People v. Manning* (2014) 226 Cal.App.4th 1133, 1141–1143.) As to the burden of proof of such disqualifying factors, courts have held the prosecution must prove a defendant's current or prior offense renders him ineligible for resentencing under Proposition 36. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029, 1040 (*Osuna*) [trial court must "find the existence of a disqualifying factor by a preponderance of the evidence"]; see *People v. Arevalo* (2016) 244 Cal.App.4th 836, 848–850 [disagreeing with *Osuna* as to standard of proof; holding court must find beyond

7

a reasonable doubt the existence of a factor rendering defendant ineligible for resentencing].)

Proposition 47, like Proposition 36, specifies disqualifying factors that may render a defendant ineligible for resentencing. Specifically, a defendant who committed a qualifying offense will nonetheless be ineligible for resentencing if he or she has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv) (sometimes referred to as " 'super strikes' " (see *Johnson, supra,* 61 Cal.4th at pp. 681–682)), or if he or she is required to register as a sex offender pursuant to section 290, subdivision (c). (§ 1170.18, subd. (i).) Whichever party has the burden of proof as to the existence of these disqualifying factors,[5] we agree with *Sherow* and the other cases cited above that a petitioner seeking relief under Proposition 47 has the initial burden to show he committed a qualifying offense, including, as to a qualified theft offense, that the value of the property taken did not exceed $950. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879–880; accord, *Perkins, supra,* 244 Cal.App.4th at pp. 136–137; *People v. Rivas–Colon, supra,* 241 Cal.App.4th at pp. 449–450; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," *supra*, at pp. 42–43, 45–46 [petitioner has initial burden to establish he or she committed a qualifying offense; prosecution has burden to prove existence of disqualifying factor].) And we also agree that a petitioner seeking to meet this initial burden may submit evidence outside the record of conviction, such as his own declaration describing the property taken. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [a proper resentencing petition under Proposition 47 "could certainly contain at least [the defendant's] testimony about the nature of the items taken"]; *People v. Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5 [in many cases, "the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to

---

[5] Although we need not decide this question to resolve the present appeal, the prosecution may bear the burden of establishing the existence of such disqualifying factors under Proposition 47, as it does under Proposition 36. (See *Osuna, supra,* 225 Cal.App.4th at p. 1040 [Proposition 36]; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Feb. 2016), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of March 21, 2016] pp. 45–46.)

determine its value"; petitioners may seek to meet their burden on this issue by "submit[ting] extra-record evidence probative of the value when they file their petitions for resentencing"].)

Because Aguayo did not submit evidence with his petition to satisfy his initial burden as to the value of the vehicle involved in his offense, we affirm the trial court's denial of his Proposition 47 resentencing petition.

### III.  DISPOSITION

The order denying Aguayo's petition to recall his sentence and for resentencing under section 1170.18 is affirmed, without prejudice to consideration of a properly filed petition.

_____
Streeter, J.

We concur:

_____
Ruvolo, P.J.

_____
Rivera, J.

A144051/*People v. Aguayo*