Filed 9/26/16  P. v. Pierce CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052175 |
| v. | (Super. Ct. No. 09SF0912) |
| MATTHEW WARD PIERCE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Gassia Apkarian, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Allison Hawley and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Matthew Ward Pierce appeals from the order denying his petition to have his conviction for grand theft reduced to a misdemeanor pursuant to Penal Code section 1170.18.[1] Pierce argues the trial court erred by placing the burden on him to demonstrate his conviction was for theft of property that did not exceed $950 in value. We disagree.

The general rule is that the party seeking relief from the court has the burden of proving eligibility or entitlement to such relief, and in this case it is Pierce who is seeking relief under section 1170.18. Nothing in either the language of the statute or the case law relied upon by Pierce suggests it is exempt from that general rule.

The order is affirmed.

I

FACTS

In September 2009, Pierce was working for a moving company at a home in San Clemente. The homeowner told the movers not to enter her master bedroom and master bathroom. However, she later saw Pierce walking out of her master bedroom, and soon discovered a ring was missing from the purse she had left in the master bathroom.

In October 2009, the Orange County District Attorney filed a felony complaint against Pierce, charging him with one count of grand theft of property valued at over $400 (§ 487, subd. (a)) and one count of receiving stolen property (§ 496, subd. (a)). The complaint also alleged he had previously suffered two or more serious and violent felony convictions.

A preliminary hearing was held in December 2009, and the sole witness was an Orange County deputy sheriff. The deputy testified as to the circumstances of the crime, based in part on the statements of the victim. According to the deputy, the victim valued the ring stolen by Pierce at $8,000.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In January 2010, the district attorney filed an information charging Pierce with the same two counts. The information also alleged he had three prior strike convictions and four prior prison terms.

Pierce pleaded guilty to both counts and admitted the priors. He was convicted and sentenced to a total of seven years in prison.

In November 2014, Pierce filed a petition to recall his sentences on both counts. The district attorney opposed the petition, disputing Pierce's claim that the value of the ring stolen by Pierce did not exceed $950.

At the hearing, Pierce argued there was no admissible evidence in his record of conviction to demonstrate the value of the ring he stole exceeded $950 because the victim's estimate of the ring's value was hearsay. The trial court nonetheless denied the petition, noting that the burden of proving eligibility for relief under section 1170.18 is on the defense, not the prosecution, and the record contained no evidence demonstrating the value of the ring he stole was $950 or less.

II

DISCUSSION

Section 1170.18, enacted in 2014 as part of Proposition 47 (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1092), states in pertinent part that "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with . . . this act." (§ 1170.18, subd. (a).)

And because section 1170.18 offers this relief to only some felons, the statute requires the court "[u]pon receiving a petition under subdivision (a)," to "determine whether the petitioner satisfies the criteria in subdivision (a)." (§ 1170.18,

3

subd. (b).)  As Pierce acknowledges, the statute "d[oes] not specify which party bears the burden of proving whether a petitioner 'would have been guilty of a misdemeanor' under some provision of Proposition 47."

In this case, Pierce's petition hinges on section 490.2, one of the statutes that redefined what would previously have been a felony as a misdemeanor under Proposition 47.  Section 490.2, subdivision (a), states that "[n]otwithstanding . . . any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."

Thus, the salient fact to be determined in deciding whether Pierce was eligible for relief was whether the ring he was previously convicted of stealing was worth $950 or less.  Pierce contends the court erred by placing the burden of proving that fact on him.  We cannot agree.

The same argument was rejected in *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*), *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 448-450, and *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137.  Each of these cases relies on Evidence Code section 500, which states, "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."  (*Sherow*, at p. 879; see *Rivas-Colon*, at p. 450; *Perkins*, at p. 136.)  And of course, in the case of a petition for resentencing under section 1170.18, it is the defendant, not the prosecutor, who is seeking relief from the court.

Pierce acknowledges this, but argues his only burden under section 1170.18 was to establish his conviction was for an offense that "*might* qualify for reclassification as a misdemeanor" (italics added), and once he had done that, "the burden shifts to the prosecution for whom it is an essential fact to show the conviction did not, in fact, so

4

qualify." But merely showing that his offense "might" qualify for reclassification does not establish "each fact . . . essential to the claim for relief . . . he is asserting" (Evid. Code, § 500), and thus it would not satisfy Pierce's burden of proof as the party seeking relief under section 1170.18. Instead, his argument amounts to a claim that it is ultimately the prosecution's burden to demonstrate his conviction *did not* qualify him for relief. We reject that claim as inconsistent with Evidence Code section 500.

Pierce also relies on Evidence Code section 501 – and by extension section 1096 – as support for a general rule that "in criminal cases, the burden of proof is on the prosecution." But Evidence Code section 501 provides no support for that claim because it does not specify any burden of proof in criminal cases. Instead, it merely states that "*[i]nsofar as any statute . . . assigns the burden of proof in a criminal action*, such statute is subject to Penal Code Section 1096." (Italics added.) And section 1096, in turn, merely establishes the presumption of innocence that attaches in a criminal case "until the contrary is proved," and that the defendant's guilt must be proved beyond a reasonable doubt. (§ 1096.) But the guilt of a defendant petitioning for relief under section 1170.18 has already been proved. Thus, neither Evidence Code section 501 nor section 1096 establishes any presumptions or special burdens of proof that would apply to a resentencing petition under section 1170.18.

Evidence Code section 500 also answers Pierce's assertion that section 1170.18 is ambiguous because it fails to set forth a burden of proof, and thus that the rule of lenity would require the burden be placed on the prosecution. "[T]he rule of lenity is a tie-breaking principle, of relevance when '"two reasonable interpretations of the same provision stand in relative equipoise."'" (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1102, fn. 30.) But that rule applies "'only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.'" (*People v. Avery* (2002) 27 Cal.4th 49, 58.) Here,

5

Evidence Code section 500 supplies the burden of proof that is not specified in section 1170.18, and thus resolves whatever latent ambiguity might otherwise be inferred on that point.

Finally, Pierce also asserts that in cases analyzing petitions for resentencing relief under section 1170.126 (enacted in 2012 as part of Proposition 36), courts have placed the burden of proving whether a prior conviction is eligible for resentencing on the prosecution, and he argues the same rule must be applied here. We disagree with his reading of the cases he cites.

In neither *People v. Manning* (2014) 226 Cal.App.4th 1133, nor *People v. Bradford* (2014) 227 Cal.App.4th 1322, did the court address the burden of proof. Instead, both courts merely concluded that the initial determination of whether a prior conviction qualified for relief under section 1170.126 was to be made by the court, based on the "record of conviction" – i.e., the same underlying evidentiary record which the Supreme Court concluded in *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), could be used to determine whether a defendant's prior conviction would qualify as a "strike" under the "Three Strikes" law. (§§ 667, 1170.12.)

Moreover, *Guerrero* itself does not support Pierce's claim. While he acknowledges *Guerrero* does not specifically address the burden of proof issue, Pierce relies on it for the proposition that in cases where the underlying record of conviction does not establish the severity of a prior offense, the court must presume the conviction "was for the least offense punishable." (*Guerrero, supra*, 44 Cal.3d. at p. 352.) However, *Guerrero* addresses that issue in the context of examining whether a defendant's prior conviction would qualify as a "strike," which would justify imposing a lengthier sentence for a current crime. In that context, it is the prosecution – the party requesting imposition of the lengthier sentence – who has the burden of establishing the necessary fact. And the presumption that a defendant's prior conviction is for the least

crime punishable is merely reflective of that prosecutorial burden of proof; in the absence of affirmative evidence demonstrating the prior offense qualifies as a "strike," the prosecution will not have satisfied its burden of proof. But here, the burden of proof is on Pierce, rather than on the district attorney, and thus he is the one who is required to affirmatively prove his case. He cannot do so by relying on presumptions.

By relying on *Guerrero*, Pierce makes the same error committed by the defendant in *Sherow*, i.e., "The cases he cites, dealing with such matters as the burden of proof to prove the crime of grand theft, address the question of whether *in the initial prosecution for certain alleged crimes,* the People must prove the amount of the theft meets the criteria for the offense" while "the resentencing provisions of Proposition 47 deal with persons who *have already been proved guilty of their offenses beyond a reasonable doubt*." (*Sherow, supra*, 239 Cal.App.4th at p. 880, italics added.)

As we have already explained, it is Pierce, and not the district attorney, who petitioned the court under section 1170.18 for relief from a sentence that had already been validly imposed upon him. Thus, it was Pierce who had the burden of proving the facts entitling him to that relief – in this case, that the property he obtained by theft was valued at $950 or less. In the absence of such evidence, we find no error in the trial court's denial of his petition.

III

DISPOSITION


The order is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.